UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JOHNSON, #235820,  )
         Plaintiff,  )
     )   No. 1:16-cv-663
-v-  )
     )   Honorable Paul L. Maloney
BONITA HOFFNER, et al.,  )
         Defendants.  )
     )

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff William Johnson filed a prisoner civil rights lawsuit under § 1983. Defendants filed a motion for summary judgment. (ECF No. 9.) After Plaintiff responded, the magistrate judge issued a report recommending the motion be granted and the lawsuit dismissed. (ECF No. 23.) Plaintiff filed objections. (ECF No. 24.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

The Court has reviewed the R&R and objections under the required standard of review. The Court finds the R&R persuasive. The magistrate judge has accurately summarized the facts and correctly applied the relevant law.

1. Objections 2 and 3 – Involvement of Defendants' Hoffner and Vest. Plaintiff has failed to plead facts and failed to support his claim against Warden Hoffner with evidence showing that she was involved in the decision to transfer Plaintiff. Similarly, Plaintiff has failed to support his claim against Defendant Vest with evidence showing that he was involved in the decision to transfer Plaintiff. In Plaintiff's declaration, he alleges that these defendants signed a document relevant to his transfer. The declaration is attached to Plaintiff's response to the motion, ECF No. 17-5 PageID.241–43. This evidence is not sufficient to survive the motion. In the report and recommendation, the magistrate judge explained why the declaration was deficient, a finding to which Plaintiff has not objected. Furthermore, the relevant paragraphs concerning these defendants are hearsay and would not be admissible at trial. Plaintiff alleges that an unknown person told him that these defendants' names were on a form.

2. Objections 1 and 3 – Adverse Action and Defendant Scott. Plaintiff has failed to establish with evidence that his transfer constitutes an adverse action for the purpose of a retaliation claim. The two institutions have the same security level designation. The losses and inconveniences to which Plaintiff points are the sort of disruptions every transferred prisoner will experience. Accordingly, those disruptions and inconveniences are not the sort of consequences that would deter a person of ordinary firmness from exercising his or her First Amendment rights. From this conclusion, it follows that Plaintiff's request to amend

his complaint to identify the correct transfer coordinator---not Defendant Scott---must be denied. The amendment would be futile.

For these reasons, the report and recommendation (ECF No. 23) is **ADOPTED** as the Opinion of this Court. Defendants' motion for summary judgment (ECF No. 9) is **GRANTED.**

**IT IS SO ORDERED.**

Date: August 14, 2017     /s/ Paul L. Maloney
     Paul L. Maloney
     United States District Judge